## Doebler *against* Snavely.

Upon the settlement of a joint administration account by two executors, and the subsequent death of one of them, an action may be maintained against the personal representative of the deceased executor, to recover a legacy under the will of his testator, upon the allegation and proof, that funds for the payment of the legacy, came to the hands of such deceased executor separately.

In an action against the personal representative of a deceased co-executor to recover a legacy, upon the allegation that the funds for its payment came to the hands of such deceased co-executor, the surviving executor is not a competent witness for the plaintiff.

An action for a legacy is not embraced by the statement law, and a declaration must be filed.

The statute of limitations is not applicable to an action brought to recover a legacy.

ERROR to the common pleas of *Lebanon* county.

' This was an action on the case by Christian Snavely and Elizabeth his wife against Henry Bower, administrator of Henry Doebler, in which the plaintiff filed the following statement.

"The plaintiffs, by their attorney, Jacob B. Weidman, state that the demand for which this suit is brought, is founded upon the promises and assumptions of ¡the defendant, Henry Doebler, one of the executors of the said Anthony Doebler, deceased, as follows:—The said Anthony Doebler having made his last will and testament, dated the 20th day of July, A. D. 1811, died on or before the 21st of March, A. D. 1814, and appointed the said Henry Doebler one of his executors ; and in and by his said last will and testament did give and bequeath as follows, to wit: 'Item, it is my will after all my debts and funeral expenses paid, and all charges touching the settlement of my estate, that the whole of my real and personal estate, or the product thereof, shall be equally divided to and among all my children, to wit, Abraham, David, Henry, Barbara, Elizabeth and Catharine.' 'Imprimis, it is my will that after my just debts and funeral expenses paid, my hereinafter named executors shall put out to interest, with good security, the sum of 500 pounds, lawful money of Pennsylvania, for the use and behoof of my dear wife Magdalena, of which interest shall be regularly paid her yearly, and every year, so long as she lives; and after her decease the said principal sum of 500 pounds shall be equally divided among all my

children.' That Henry Doebler and Abraham Doebler, his execu-
tors, settled their administration account, which was confirmed by
the orphans' court of Lebanon county, on the 4th day of December,
A. D. 1815; by which they acknowledged a balance in their hands,
after all the debts and specific legacies were fully paid off and satis-
fied, of 6487 dollars and 36 cents to be divided among the residuary
legatees, six in number. That the said Magdalena, widow of the
testator, died on the 15th day of March, A. D., 1817; and that the
said sum of 500 pounds remained also in the hands of the said ex-
ecutors, to be divided among the said six residuary legatees. That
the share of the said Elizabeth, wife of the plaintiff, remained in
the hands of the said Henry Doebler, who being so in debt, on the
first day of January, A. D. 1831, in his life time, promised to pay
the same to the said Christian Snavely. That the said Henry
Doebler died intestate, and that letters of administration were in due
form of law granted unto the said John Batdorff and Henry Bower,
of all and singular the goods and chattels of the said Henry Doebler,
deceased.

| | | |
|---|---|---|
| One-sixth of the said balance is, - - | | $1081 22 |
| Interest from the 4th of December 1815, to the 20th of March 1835, - - - - | | 1093 40 |
| | | $2174 62 |
| Deduct advancement, - - | | - 134 42 |
| | | $2040 20 |
| Plaintiff's share in the 500 pounds— one-sixth, equal to - - - | $222 22 | |
| Interest from the 1st of April, 1817, to the 20th of March 1835, - | 239 94 | |
| | | 462 16 |
| | | $2502 36 |
| Deduct cash paid on account, 30th of May 1815, - - - | $506 67 | |
| Interest from the 30th of May 1815, to the 20th of March 1835, - - | 586 20 | |
| | | 1092 87 |
| | | $1409 49 |

Which said sum I verily believe due by the defendants to the
plaintiffs; and to recover which said sum of 1409 dollars and 49
cents, together with the interest thereon until paid, this suit is
brought."

The plaintiff offered Abraham Doebler, the surviving executor
of Anthony Doebler, as a witness. The defendant objected on the
ground that he was incompetent, because interested, but the court
overruled the objection, and the defendant excepted.

[Doebler v. Snavely.]

The court below thus stated the objections made by the defendant to the plaintiffs' recovery, and their answers to them.

"This is a suit for a legacy. Anthony Doebler, father of Elizabeth, one of the plaintiffs, died in 1814, in the winter of that year. By his will, which was proved on the 14th of March 1814, after directing the payment of his debts and some specific bequests, he directed that the residue of his estate should be equally divided among his six children, of whom Elizabeth, the plaintiff, is one, and appointed Abraham Doebler and Henry Doebler, two of his sons, executors. The executors filed an account, which was confirmed by the orphans' court, in December 1815, by which they acknowledge a balance in their hands, to be distributed agreeably to the will, of 6487 dollars and 26 cents. On the 30th of May 1815, Henry Doebler paid Christian Snavely, 506 dollars and 67 cents, in part of his wife's legacy. In April 1113, Henry Doebler paid Christian Snavely 248 dollars and 90 cents, his share in full of the 500 pounds, directed by the will to be distributed on the death of the testator's widow. Henry Doebler also paid Christian Snavely his wife's share of the money charged on the house and lot devised to Henry Doebler. Plaintiffs claim the balance alleged to be still due of the one-sixth of the 6487 dollars and 26 cents, remaining in the hands of the executors on confirmation of their administration account, after deducting the payment of 506 dollars and 67 cents.

"Defendant has objected that this action cannot be sustained against defendant as administrator of Henry Doebler, because Abraham Doebler, the other executor of Anthony Doebler, is living. In the statement filed, it is averred that the money belonging to Elizabeth, one of the plaintiffs, under her father's will, remained in the hands of Henry Doebler; and there has been evidence in support of that allegation. This objection is not sustained.

"Defendant has objected that it is averred in the statement, that Henry Doebler assumed to pay Christian Snavely alone, and that on such promise the wife cannot be joined in an action. The statement shows distinctly that the suit is brought for a legacy due the wife. The cause of action properly belongs to her, and she should not be deprived of her chance of survivorship. This objection is not sustained.

"Defendant has also objected that a statement, instead of a declaration, is filed; but as the cause of action is sufficiently set forth, and defendant has thought proper to take issue on the facts set forth, this objection is not sustained.

"Defendant has pleaded that he did not assume to pay plaintiffs within six years next before the commencement of this suit, and plaintiffs have replied that he did assume within six years. On this issue, it would be necessary that plaintiffs should prove a promise within six years from commencement of suit; but in the opinion of the court, the statute of limitations does not embrace this case, which is an action for a legacy. The amount due is ascertained by the set-

tlement in the orphans' court, but the will is the foundation of the suit. It is, therefore, not a sufficient answer to the plaintiffs' demand, that defendant did not assume to pay it within six years. The statute of limitations is not applicable to it.

"You will, therefore, decide, from all the circumstances given in evidence, taken in connection with the lapse of time, the situation, conduct and declarations of the parties, whether this claim has or has not been paid. If you think a presumption of payment fairly arises, you should find a verdict for defendant. If you think such presumption of payment is not warranted by the evidence, you should find for the plaintiffs the balance that appears to be due."

The errors assigned were to the admission of the surviving executor as a witness, and to the several answers of the court to the defendant's points, which were argued by,

*Pearson,* for the plaintiff in error.
*Weidman,* for the defendant in error.

The opinion of the Court was delivered by

Rogers, J.—This is a suit to recover a legacy given by the will of Anthony Doebler to his daughter Elizabeth, who intermarried with Christian Snavely. The suit is brought in the name of the husband and wife, against the administrator of Henry Doebler, who was one of the executors of Anthony Doebler, the testator. The executors settled a joint account, and acknowledged a balance in their hands due to the heirs. On this settlement, the executors are *prima facie* jointly liable, and should have been jointly sued; for, if there be several executors, they should all be sued, if alive, and the survivor, if one be dead, in case they have all administered, or the defendant may plead the non-joinder in abatement. 1 *Chit. Pl.* 38. But in this action, the plaintiff alleges that the deceased executor received all the money which was set apart for the legatees, and that on this account, he, in his life time, and his personal representatives, became liable in this form of action. However the law may be, as respects creditors, it is well settled that the actual receiver is only liable to legatees. I cannot, therefore, perceive the necessity of joining the other executor in the suit, or any difficulty in sustaining an action against the representatives of the deceased executor. *Salk.* 318. But, as in such an action the actual receipt of the money must be proved, is the surviving executor a competent witness for that purpose? A recovery and satisfaction in this suit would shield the witness from any claim by the legatees. But, it is said, he would be liable for contribution, that he is equally interested, and therefore competent. But it is not clearly perceived that he would be liable to a suit for contribution, for the foundation of such an action would be the record of this recovery; for here the right of recovery is placed only on the ground that Henry Doebler was the actual receiver of the money appropriated to the payment of the legatees.

[Doebler v. Snavely.]

He would be estopped to gainsay the record which was the foundation of this suit. In Weckerly *v.* The Lutheran Congregation, 3 *Rawle* 180, it is held, that whenever a plaintiff introduces and makes the record of the action, and a recovery therein against himself, the foundation of his suit or the basis of his claim, in an action brought by him, afterwards, against a third person, he is not at liberty to deny the principle, upon which it appears, from the face of the record itself, that the action was decided, and the recovery had against him, as in other records, to prove that the recovery was wrong. Now the only principle upon which the plaintiff can recover, is, by showing that the money was received by Henry Doebler, and not by the witness, and in a suit brought on the record he would be estopped to deny that principle upon which the recovery was had against him. It follows from this that the witness has such an interest as renders him incompetent to testify.

The observations already made dispose of the whole cause, for on another trial the plaintiff may file a declaration instead of a statement which is required in a suit for a legacy. It has been settled that the act of limitation does not apply to a suit for a legacy.

Judgment reversed, and a *venire de novo* awarded.