INDICTMENT.          The Commonwealth *vs.* McAtee.

[Attorney Gen. Cates for plaintiff: no appearance for defendant.]

FROM THE CIRCUIT COURT FOR NELSON COUNTY.

*April* 19.     Judge EWING delivered the Opinion of the Court.

In misdemeanors, there are no accessaries; all concerned are guilty, and each subject to the whole penalty. An indictment charges, that the accused bet upon an election, the sum of *fifty* dollars. The proof is, that there was a bet of $50 against 50, which

An indictment was found against McAtee, charging him with having betted and wagered, and staked, fifty dollars in Kentucky bank paper of the value of fifty dollars, with one Talbott, on the event of the approaching congressional election.

The proof was that two others were concerned in the bet with McAtee, who staked twenty five dollars of the money, and McAtee twenty five; and that Talbott had won, and the stakeholder had delivered the money to him.

Upon this proof, the Court, at the instance of the defendant's counsel, instructed the jury to find for the defendant; and they found accordingly, and the case has been brought to this Court, by the Commonwealth, for revision.

There are no accessaries in misdemeanors; all that are concerned are principals, and each severally responsible to the Commonwealth, for his individual offence, for the full amount of the penalty imposed—whether the prosecution be joint or several. *Caldwell and Christian* vs. *The Commonwealth*, 7 *Dana,* 229. McAtee was no less guilty because others were concerned, and also guilty. Each has violated the law, and each has subjected himself to the penalty denounced. McAtee did bet, and cannot excuse himself by saying that others did bet also, or participated in the bet with him.

Nor is there such a variance between the proof and the charge as to justify the instruction given.

The offence intended to be suppressed by the law, is the *betting* on the event of an election.

It is only necessary to make such specification of the *delictum* in the indictment, as to apprize the defendant of the charge against him, with such reasonable certainty as to enable him to prepare to meet it, and as will render it a good bar to any subsequent prosecution for the same offence.

The charge in substance is, that he bet *fifty* dollars with Talbott. The proof is that he bet *twenty five* only—others having made up the residue of the fifty dollars. The bet is made at the same time, with the same man, on the event of the same election, and the same thing is bet, but not an amount so great as the amount charged. But even that apparent variance is explained, by the proof that the full amount charged was bet, and that he staked the money, but others contributed to make it up. The mind must be sceptical to doubt that the offence proved was the same identical offence charged. The defendant should not be permitted to escape from the penalty, upon the mere technical ground that he did not bet so much as charged, and the more especially, when the offence and punishment are the same whether he bets

Spring Term 1839.

Commonwealth vs McAtee.

was lost—25 by the accused, and 25 by his two partners in the bet: *held,* that, tho' indicted alone, he may be convicted upon this proof. Nor is the variance between the charge and proof (in the sum bet) material—the penalty for betting either sum being the same.

Such certainty in an indictment for a misdemeanor, as will enable the accused to prepare to meet the charge, and constitute a good bar to another indictment for the same offence, is sufficient.

a small or a large amount. It may as well be contended that if an indictment charge the stealing of two horses, that the accused could not be convicted, on the proof that he stole one only.

Judgment reversed, and cause remanded, that a new trial may be granted, and further proceedings had.