THE STATE, TO USE OF WHALEY, Appellant, *vs.* BLACKWELL, Respondent.

1. The statute of limitations runs in favor of an administrator against the distributee of an estate from the date of the final settlement and order of distribution.

*Appeal from  Washington  Circuit  Court.*

This was an action begun in 1853, on the bond of Jeremiah Blackwell, as one of the administrators of William Whaley, to

recover the distributive share of Israel Whaley, one of the heirs of William Whaley.

It appeared that Blackwell and one of the sons of the intestate, who had since died, acted as co-administrators, and that the son transacted the business of the estate, and held the assets. The administrators made their final settlement at the May term, 1836, showing a balance in their hands, for distribution, of $181 52. It did not affirmatively appear that any order of distribution was ever made. The Circuit Court declared that the statute of limitations was a bar to a recovery by the plaintiff.

*M. Frissell*, for appellant. 1. The administrators are jointly and severally liable, although one alone handles the assets. (*Dobyns* v. *McGovern*, 15 Mo. 662. *Overton* v. *Woodson*, 17 Mo. Rep. 453.) 2. An administrator, being a trustee, cannot avail himself of the statutory bar against an heir or distributee. (*Falls* v. *Torrance*, 2 Hawks' Rep. 490. *Decouche* v. *Savetier*, 3 Johns. Ch. Rep. 190. *Prescott* v. *Gratz*, 6 Wheaton, 481. *Bird* v. *Graham*, 1 Iredell's Ch. Rep. 196.)

*D. E. Perryman*, for respondent. 1. The plaintiff's claim is barred by the statute of limitations, seventeen years having elapsed since the final settlement of the administrators. An administrator is a trustee only while he acts in the capacity of administrator, and not after his administration has closed. (*Menard* v. *Pratt*, 8 Mo. Rep. 286. 14 Mo. Rep. 437.) 2. Under all the circumstances of this case, lapse of time is an equitable if not a legal bar to the plaintiff's claim.

RYLAND, Judge, delivered the opinion of the court.

1. The statute of limitations relied on in this case, must be considered a bar to the plaintiff's right to recover. Here was a final settlement of the estate of William Whaley, deceased, made in May, 1836. Upon that settlement, the amount of $181 52 remained in the administrators' hands to be distributed. Now, although the record is silent as to whether any order of distribution was made, directing the administrators to pay the

distributees their shares of the amount on hand at such final settlement, it was competent for the court to have made such order; nay, it was the duty of the court to have made it; and, presuming that it was made, the plaintiff's right of action accrued on such settlement and order being made. His having laid by and slept upon his rights for seventeen years, and until the death of his brother, who was the active administrator, and who had, in all probability, the means of proof of payment; then to awake up and bring his suit against the co-administrator, who appears to have done little or nothing in the business, is enough at least to excite suspicion. The plaintiff is barred then, and the judgment below was very properly given against him. The principles set forth in the opinion of Judge Tompkins, when pronouncing the judgment of this court in the case of *The State, for use of Menard*, v. *Pratte & St. Gemme*, will fully sustain this view of the court. Let the judgment be affirmed; the other judges concurring.