JAMES MORTON, Plaintiff in Error, *v.* CORNELIA MORTON, Defendant in Error.

*Divorce—Alimony.*—Alimony *pendente lite* can only be allowed to the wife in cases in which she is party plaintiff. (R. C. 1855, p. 662, § 8.) The common law right of the wife is in this respect changed by the statute.

*Error to St. Louis Circuit Court.*

*A. Martin,* for plaintiff in error.

I. The decree was illegal. There is no power expressed

in our statute of divorce and alimony by which the Circuit Court is authorized to allow alimony *pendente lite*, when the wife is defendant. (R. C. 1855, p. 664, § 8.) Sec. 11 cannot affect the question, as it refers to alimony in cases of abandonment where there is no action pending. (Doyle v. Doyle, 26 Mo. 543.)

Nor can any such power be implied from the language used or the other powers granted, even though it should be admitted that alimony *pendente lite*, as a general proposition, was incident to the power to grant a divorce. Such a conclusion in respect to our statute is rebutted by the fact that it specified a certain condition in which alimony may be granted pending the action, showing that the Legislature has not left the power to be exercised as incidental to any other power, but has made an express grant of it. If the statute was silent on the question of alimony *pendente lite*, there might be some ground for such a position.

II. It will be readily admitted that the court could not grant a divorce for reasons not specified in the statute; and, upon the same principle, it is maintained that alimony cannot be allowed except for the reasons and under the circumstances specified in the statute. (Doyle v. Doyle, 26 Mo. 545.)

III. There is but one other source from which the power could be supposed to come, that is the common law. But, whether it can be derived from the common law will depend upon whether the ecclesiastical law of England is a part of the common law of Missouri.

It may be admitted that, according to the ecclesiastical law of England, the wife was entitled to alimony *pendente lite* whether she was plaintiff or defendant, although it may well be doubted whether this was established at the period of the revolution, when we ceased to derive common law from England. The first reported case in which this principle was recognized was Bird v. Bird, (Lee's Eccl. R., by Phillimore, p. 209,) decided in 1752. The next case of any importance, which may be considered as putting the question beyond doubt, was Wilson v. Wilson, (2 Haygood, 203,) decided in

1797. The only other case, besides Bird v. Bird, that came off before the revolution was the case of Holmes v. Holmes, decided in 1755, and referred to in a note to the case of Wilson v. Wilson, (2 Haygood, 203,) in which the alimony was refused because the wife had an income of £300. But, waiving this objection, and admitting that she is entitled to alimony by the ecclesiastical law, is that a part of the common law and binding upon the Circuit Court?

To maintain that the subsequent acts conferring jurisdiction upon the common law courts to grant divorces conferred any other authority than that expressed in them would be an unreasonable task. If the common law courts have no inherent jurisdiction, it ought to follow that what was not expressly conferred by statute remains dormant yet. The following well considered cases will show the kind of opposition to Mr. Bishop's position: Parsons v. Parsons, 9 N. H. 309; Burtis v. Burtis, 1 Hop. 557; Perry v. Perry, 2 Paige, ch. 501; Dickenson v. Dickenson, 3 Mur. 327; Ristine v. Ristine, 4 Rawle, 460; Olin v. Hungerford, 10 O. 268; 2 Dane's Ab. 301. The authorities on the other side are, McGee v. McGee, 10 Georgia, 477; North v. North, 2 Barb., ch. 241; Bishop, M. & D., ch. 2, § 21, n.

And, in accordance with this view, may be cited the following authorities, which are all the stronger as that they are from States in which the ecclesiastical law was supposed to have been introduced by emigration; alimony *pendente lite* cannot be given where the statute is silent: Wilson v. Wilson, 2 Dev. & Bat. 377; Harrington v. Harrington, 10 Vt. 505; Coffin v. Dunham, 8 Cush. 404; Shannon v. Shannon, 2 Gray, 285; Yule v. Yule, 2 Stock., Ch. 138; Sandford v. Sandford, 2 R. I. 64.

DRYDEN, Judge, delivered the opinion of the court.

This was a suit for divorce, by the husband against the wife, in which the cause alleged was adultery. The defendant answered, traversing the allegations of the petition touching the cause for the divorce. After coming in of the answer,

the court, at the instance of the defendant, ordered the plaintiff to pay to her for the temporary support and maintenance of herself and two children the sum of $41.65 per month, payable monthly, until the further order of the court, and also required him by a day fixed to furnish and pay the further sum of $100 to enable the defendant to retain counsel for her defence. The plaintiff failing to comply with the order, the court, for that cause, dismissed the suit, and the plaintiff appealed.

The only question in the case which we need consider is, whether the court had legal authority to make the allowances to the wife *pendente lite;* and this depends upon the proper construction of the act concerning divorce and alimony. (R. C. 1855, p. 662.) The 8th sec. of the act, and the only one bearing on the point under consideration, is as follows:

" When a divorce shall be adjudged, the court shall make such order touching the alimony and maintenance of the wife, and the care, custody and maintenance of the children, or any of them, as from the circumstances of the parties and the nature of the case shall be reasonable ; and when the wife is plaintiff, to order the defendant to give security for such alimony and maintenance ; and, upon his neglect to give the security required of him, or upon default of himself and his securities, if any there be, to pay or provide such alimony and maintenance, to award an execution for the collection thereof, or to enforce the performance of the judgment or order by sequestration of property, or by such other lawful ways and means as is according to the practice of said court. The court, on the application of either party, may make such alteration, from time to time, as to the allowance of alimony and maintenance, as may be proper, and may order any reasonable sum to be paid for the support of the wife during the pendency of her application for a divorce."

The right of the wife to alimony *pendente lite*, whether she stood in the position of plaintiff or defendent, was an acknowledged common law right in England, enforced there by the ecclesiastical courts, who had exclusive jurisdiction of all

controversies matrimonial; and we having adopted the common law, it is likewise a common law right here, unless the common law in this respect is modified by the section of the act we have quoted. If the statute concerning divorce had been silent on the subject of alimony we would not hesitate to say that, upon common law principles, the power of the Circuit Court, succeeding to the jurisdiction of the ecclesiastical courts, was ample to order the allowances made in this case; but as the act, in giving the power to award alimony *pendente lite*, gives it expressly where the wife is plaintiff, it must be understood as an expression of the legislative will that the power shall be withheld where the wife is defendant. Upon any other supposition, the provisions of the act under consideration would be without meaning or operation, leaving the law just as it stood before; for we have seen that, by the common law, the right to alimony *pendente lite*, where the wife was plaintiff, was unquestionable. If the statute does not deprive the court of the power to give alimony *pendente lite* where the wife is defendant, it accomplishes nothing.

We think, therefore, the court erred in ordering the allowances and in dismissing the suit for disobedience to said order, and for this cause the judgment is reversed and the cause remanded. The other judges concur.