JAMES G. SOULARD, Respondent, *v.* THE CITY OF ST. LOUIS, Appellant.

*Limitations—Accruing of Action— City of St. Louis* —Under the provisions of the charter of the City of St. Louis (February 23, 1853), providing for the condemnation of property for streets and alleys, where the title to the land taken for a street was in dispute between parties, no cause of action accrued against the city for the damages assessed until the question of title was determined by a court of competent jurisdiction in favor of the claimant.

*Appeal from St. Louis Circuit Court.*

*A. W. Alexander*, for appellant.

*R. M. Field*, for respondent.

WAGNER, Judge, delivered the opinion of the court.

This case was before this court on a previous occasion, and will be found reported in 36 Mo. 546. After it was remanded to the court below, the plaintiff filed an amended petition, in which it was stated that plaintiff was owner in fee of the eastern part of the Mackay tract ; that proceedings were instituted by the city in 1853 for the condemnation of the land necessary for opening Jackson street through plaintiff's said land ; that the land belonging to the plaintiff taken for said street was appraised by the jury at $8,056, and that the jury awarded that of the whole land damages the city should pay $2,028.12, and individual property owners, for benefits, the sum of $7,189.88 ; that the mayor of the city, in February, 1854, rendered judgment against the property owners, assessed for benefits, issued executions, and actually collected $6,857.95, which was paid into the city treasury ; that at the time of the condemnation the land in question was in litigation, being held by parties adversely to the plaintiff; that the title was adjudged in favor of the plaintiff at the April term of the United States Circuit Court, 1857 ; that the tenants then submitted and gave up the possession to the plaintiff. The petition demanded judgment for the amount awarded by the jury, and interest.

The defendant answered, denying all information or knowledge sufficient to form a belief, and setting up the statute of limitations as a defence.

The evidence fully sustained every material averment or allegation contained in the amended petition, and the court, sitting as a jury, gave judgment for plaintiff.

The only question upon which issue was taken was the statute of limitations, and it will be wholly unnecessary to examine the instructions, as they were directed solely to that point.

This suit was originally instituted November 3, 1859, and the money received by the city from the parties assessed for benefits to pay land damages for opening Jackson street was received in the spring or summer of 1854. A little over five years had intervened between the reception of the money and the time of commencing the suit. If at the time the city received the money the plaintiff had been possessed of an absolute and unquestioned title, there would have been some reason for urging the statute as a bar; though, considering that the city merely held the money in the attitude of a trustee, for the benefit of the party legally entitled, we express no opinion now as to whether the statute would be an available defence. The proceedings were had under the amended charter of the city, approved February 23, 1853, the sixth clause of the third section of which provides in cases of condemnation, that "if the title of the property proposed to be condemned is in controversy, nothing shall be paid therefor until the right to the money, ascertained by the verdict of the jury, is determined by the judgment of a court of competent jurisdiction, in a suit between the parties respectively claiming the same," and "during such controversy the money shall remain in the city treasury." At the time the city collected and received the money into the treasury the plaintiff was disabled, according to the above law, from obtaining it, for his title was in dispute, and it was not till a final adjudication took place in his favor in the United

States Circuit Court that the disability was removed and he was free to prosecute his action. From the time of the judgment rendered in the Circuit Court his right of action accrued and not till then, and his suit was commenced within less than three years from the rendition of the same.

It is further contended for the city that the amended petition introduced a new cause of action, and that the statute should be applied from the date of the amendment which was made March 5, 1866. This objection was not well taken· and cannot be allowed. The claim was for the same thing in both instances, only different standards of evidence were introduced.

The petition as originally filed claimed the reasonable value of the land, to be ascertained by testimony; the amended petition claimed the value of the same land at the amount ascertained by the jury when making the assessment on the proceeding for condemnation. The difference is rather of form than substance, and there can be no doubt but that a judgment on either the original petition or the amended one would be a complete bar to any further proceedings on the other. They are in no sense two separate and distinct causes, in which the statute would be a bar against one, and saved as to the other.

The judgment will be affirmed. The other judges concur.