STATE OF MISSOURI, TO USE OF SAMUEL M. GRAHAM *et al.*,
   Plaintiff in Error, *v.* WILLIAM PEACOCK, Adm'r, *et al.*,
   Defendants in Error.

1. *Sheriff — Commissioner required to give bond — Failure to give — Liability
   of on bond — Statute of limitations.* — An ex-county sheriff was appointed by
   the Circuit Court commissioner to loan out, for the benefit of a widow, certain
   money belonging to her which he had held for her in his capacity as sheriff
   and, as such commissioner, was directed to give bond, which he failed to do.
   In suit on his bond as sheriff, by the widow's heirs, for the money, *held*, that
   he was appointed commissioner on certain conditions which were not per-
   formed, and hence, that the appointment never took place; and that he
   became liable for the amount on his bond as sheriff; further, that his liability
   commenced immediately on the death of the widow, and was not barred till
   the lapse of three years thereafter.

## *Error to First District Court.*

*Lay & Belch*, for plaintiffs in error.

———— for defendants in error.

BLISS, Judge, delivered the opinion of the court.

The relators are heirs of Charles Graham, deceased, and the suit
is brought upon the official bond of B. F. Thompson, deceased,
as sheriff of Jackson county.   In 1854, upon petition for parti-
tion in the Circuit Court of said county, the sheriff was ordered
to sell certain land belonging in part to the estate of said Charles
Graham, and divide the proceeds according to the ascertained
rights of the parties ; and at the September term he reported that
he had sold the same to E. F. Perry, one of the joint owners, for
$1,500, at a credit of twelve months.   After paying the costs and
expenses of the partition, it appears that $703.57 of the purchase
money belonged to said estate, which the sheriff collected, and
that he paid over to the heirs two-thirds of the amount, retaining
the sum of $234.52 for the use of the widow.   The record shows
no further proceeding until the 15th of March, 1859, when the
said Thompson, then ex-sheriff, was by the court appointed com-
missioner to loan out said money for the benefit of the widow
during her life, and in the same order was directed to give bond

as such commissioner in the sum of $700. But he never gave the bond, and died without rendering any further account in regard to the money. The widow died October 20, 1863, when the relators, as surviving heirs of Charles Graham, became entitled to the money; and the petition in this cause was filed and the summons issued on the 6th of August, 1866. The defendants, who were securities upon the bond of Thompson, pleaded the statute of limitations, and raise the questions whether the money, at the death of Thompson, was in his hands as sheriff or as commissioner under the appointment of the court, and, if he held it as sheriff, when did the statute begin to run? To my mind it seems clear that the appointment of the late sheriff as commissioner never took effect; that it was conditional; that the condition was never performed, and the office never in fact created. It is unnecessary to consider whether, under the law existing when these proceedings were had, such commissioner could have been appointed, inasmuch as we hold that the conditions of his appointment were absolute, and that the deceased never changed his character from that of an ex-sheriff, completing the business under the act "in the same manner as if he continued to be sheriff," to that of a special commissioner under the appointment.

Holding, then, the money in his hands, received as sheriff, he and his securities are holden upon their bond "to account and pay over the same in the same manner as in cases of money collected on execution." (Sess. Acts 1845, p. 771, the same as Wagner's Stat. 971, § 35.) When, then, did the liability to these parties accrue? When had they first a right to demand and receive the money? The answer to these questions decides when the statute of limitations, whose protection the defendants claim, began to run. It appears that these heirs received of the $703, immediately after the sale, all they were entitled to. The $234 retained for the use of the widow was not theirs. The sheriff had no right to pay it to them or their guardian during her life, and their interest was only that of reversioners until the death of their mother. When that occurred, the money was absolutely theirs, and it was the duty of the holder to pay it over at once. Not doing

so, a right of action accrued, and the statute began to run. This suit was commenced within three years after that time, and is not barred by the statute. (McNair v. Dodge, 7 Mo. 404; State v. Blackwell, 20 Mo. 97; Rabsahl v. Lack, 35 Mo. 316; Soulard. v. St. Louis, 40 Mo. 144.)

The judgment of the District Court is reversed and the cause remanded. The other judges concur.