Hedges *v.* Norris.

---

PAMELIA C. HEDGES

*v.*

JOHN D. NORRIS.

1. The statute of limitations is not a bar to a suit in equity for the recovery of a legacy payable out of the personal estate only.

2. A testator directed the remainder of his real estate to be converted into cash and divided among his "heirs," as follows: the interest on one-third to be paid to two persons for life, and the principal to their children; one-third to the complainant, and the remaining third to the executor for his services in settling the estate.   The will was proved January 23d, 1852; the executor settled his account in the orphans court, January 11th, 1859, and a decree of distribution was made thereon; part of complainant's share was paid to her by the executor, but when does not appear.—*Held*, that the statute is not a bar to her bill, filed January 10th, 1879, to recover the remainder of her bequest.

Hedges v. Norris.

Bill for legacy.   General demurrer.

*Mr. W. J. Magie,* for demurrant.

*Mr. E. S. Atwater,* for complainant.

THE CHANCELLOR.

The bill (which was filed January 10th, 1879) is filed to recover part of a residuary bequest given to the complainant by the will of Noah Clark, deceased, of which the defendant was the executor. The will was proved January 23d, 1852. The defendant settled his account in the orphans court, January 11th, 1859, and by it there appeared to be in his hands the sum of $7,729.25, as the residuum of the estate. Thereupon a decree of distribution was made. The one-third ($2,576.23⅓) of the residuum, as shown by the account, was accepted by the complainant as the true amount of her share. Some part of it has been paid by the defendant to her, but when it was paid does not appear.

The question presented on the demurrer is, whether the statute of limitations is a bar to a suit in equity for the recovery of a legacy payable out of the personal estate only. It appears to me that, in the light of the adjudications on this subject, the question is hardly an open one in this state.

---

NOTE.—At common law, a suit would not lie to recover legacies, whether pecuniary or specific, unless the executor had *assented* to them (*2 Roper on Leg. 1798 ; 1 Story's Eq. Jur.* § *591; Adams Eq. 250 ; Gause* v. *Hughes,* 9 *Port.* 555; *Farwell* v. *Jacobs,* 4 *Mass.* 635; *Dewitt* v. *Schoonmaker,* 2 *Johns.* 243; 3 *Wms. on Ex'rs 2046; Farish* v. *Wilson, Peake 73; Bishop* v. *Curtis,* 17 *Jur.* 23; *Ducasse* v. *Richaud, Anth. N. P.* 193, *note; Chester* v. *Greer,* 5 *Humph.* 26; see *Woodward* v. *Woodward,* 4 *Hal.* 116; *Henley* v. *Welch,* 11 *Mod.* 91 § 15); or expressly promised to pay them (*3 Wms. on Ex'rs 2046-2048; Gause* v. *Hughes,* 9 *Port.* 561; *Wind* ·v. *Jekyll,* 1 *P. Wms.* 575; *Gridley* v. *Gridley,* 33 *Barb.* 250; *Goodwin* v. *Chaffee,* 4 *Conn.* 163). Nor does an action lie for a distributive share before a decree of distribution (*Jones* v. *Tanner,* 7 *B. & C.* 542; *Wiers* v. *Lum,* 2 *South.* 823; *Ordinary* v. *Smith,* 3 *Gr.* 92; *Wade* v. *Potter,* 2 *Gr.* 278). *Aliter,* in equity (*Frey* v. *Demarest,* 1 *C. E. Gr.* 236; *Dorsheimer* v. *Rorback,* 8 *C. E. Gr.* 46).

Formerly the ecclesiastical courts alone had jurisdiction for the recovery of *personal* legacies (*1 Story's Eq. Jur.* § *590; 2 Roper on Leg.* 1791; *Capel* v. *Robarts,* 3 *Hagg.* 156, note (a); *Waldern* v. *Ward, Sel.* 46, 3 *Salk.* 223; *Lobach's Case,* 6 *Watts* 175; 4 *Burns Ec. Law* 303;

13

Hedges *v.* Norris.

Since March 11th, 1774, there has been upon our statute books an act providing for the recovery of legacies by action at law, but, notwithstanding that fact, the statute of limitations has in no case been held to be a bar to a suit in this court for the recovery of a legacy. On the other hand, its application has been uniformly denied.

In *King* v. *Ex'rs of Berry, 2 Gr. Ch. 44 (1834)*, Chancellor Vroom said that a legacy was not barred by the statute of limitations, and he remarked with disfavor upon the decision of Chancellor Kent to the contrary, in *Kane v. Bloodgood, 7 Johns. Ch. 90*, saying that it was going farther than had been adventured before, and overturned a number of Chancellor Kent's previous decisions.

In *Peacock* v. *Newbold's Ex'r, 3 Gr. Ch. 61 (1837)*, where a bill for the recovery of a legacy was filed thirty-one years after the death of the testator, twenty-four years after the settlement of the estate and seventeen years after the death of the executor, no protection under the statute was claimed, but the presumption of payment from lapse of time was relied upon as a defence.

In *Smith* v. *Moore, 3 Gr. Ch. 485 (1845)*, affirmed *1 Hal. Ch. 649 (1847)*, a suit for a legacy was maintained apparently (from the report of the case) more than ten years after the settlement of the estate.

see *Paschall* v. *Keterich, 2 Dyer 151 b; Barker* v. *May, 9 B. & C. 489;* and when equity assumed jurisdiction in such cases, it necessarily followed the ecclesiastical law (*Keiley* v. *Monck, 3 Ridg. P. C. 243; 1 Story's Eq. Jur. § 602*).

Another ground on which equity exercises jurisdiction, as stated by the chancellor, is that of trust (*1 Story's Eq. Jur. § 593; Lark* v. *Linstead, 2 Md. Ch. 162; Mahar* v. *O'Hara, 9 Ill. 424; Hill* v. *Rockingham Bank, 44 N. H. 567; Foscue* v. *Foscue, 2 Dev. & Bat. Eq. 65; Taliaferro* v. *Thornton, 6 Call 21; Bugbee* v. *Sargent, 23 Me. 269; Segrave* v. *Kirwan, Beat. 163*).

As to equity exercising ecclesiastical jurisdiction in the United States, see *McClurg* v. *Terry, 6 C. E. Gr. 228; Anon., 9 C. E. Gr. 24; Godwin* v. *Lunan, Jeff. (Va.) 96; Le Barron* v. *Le Barron, 35 Vt. 365; Crump* v. *Morgan, 3 Ired. Eq. 91; Redmond* v. *Collins, 4 Dev. 430, 440; Wightman* v. *Wightman, 4 Johns. Ch. 343; Jeans* v. *Jeans, 2 Harring. 38; Bauman* v. *Bauman, 18 Ark. 320; Beekman St. Case, 4 Bradf. 503; Youngs* v. *Ransom, 31 Barb. 49; Perry* v. *Perry, 2 Paige 501; Mattison* v. *Mattison, 1 Strobh. Eq. 387; Burtis* v. *Burtis, Hopk. 557; Olin* v. *Hungerford, 10*

Hedges v. Norris.

In *Hayes* v. *Whitall*, *2 Beas. 241. (1861)*, Chancellor Green referred to the presumption of payment of a legacy from lapse of time as a defence, but no reference was made to limitation under the statute. That suit, indeed, appears to have been brought to recover a legacy charged on land, and where the applicability of the statute is maintained, a distinction is made between the case of a legacy charged on land and one payable out of personal estate only. The statute is no bar to a claim for a legacy charged on land. *Perry on Trusts* § *576*.

It is difficult to suggest an application of the statute more repugnant to conscience than that which would make it available to an executor or administrator to rob the legatees of the estate merely because of their delay for six years in prosecuting him. It is laid down as a rule, that those trusts which are the mere creatures of a court of equity, and not within the cognizance of a court of law, are not within the statute of limitations. But it is held in New York (*Kane* v. *Bloodgood*, before referred to; *Souzer* v. *De Meyer*, *2 Paige 574*, and other cases), that inasmuch as an action at law lies by statute to recover a legacy, a suit in equity for a legacy not charged on land, may be barred by the statute of limitations. The reasoning on which those cases rest is not satisfactory to my mind.

*Ohio 270; North* v. *North, 1 Barb. Ch. 241; Head* v. *Head, 2 Kelly 191; Almond* v. *Almond, 4 Rand. 666; Nogees* v. *Nogees, 7 Tex. 543; Dickinson* v. *Dickinson, 3 Murph. 327; Butler* v. *Butler, 4 Litt. 201; Lockridge* v. *Lockridge, 3 Dana 28; Glover* v. *Glover, 16 Ala. 440; Rhame* v. *Rhame, 1 McCord Ch. 197; Galland* v. *Galland, 38 Cal. 265; Chapman* v. *Chapman, 13 Ind. 396; Shannon* v. *Shannon, 2 Gray 285; Lawson* v. *Shotwell, 27 Miss. 630; Doyle* v. *Doyle, 26 Mo. 545; Morton* v. *Morton, 33 Mo. 614; Peltier* v. *Peltier, Harring. Ch. (Mich.) 29; Anshutz* v. *Anshutz, 1 C. E. Gr. 162; Yule* v. *Yule, 2 Stock. 138; Helens* v. *Franciscus, 2 Bland 568; Wilson* v. *Wilson, 2 Dev. & Bat. Eq. 377.*

The statute of limitations could never be set up in an ecclesiastical court, and hence could not be a defence to a suit there for a legacy (*Higgins* v. *Higgins, 4 Hagg. 242; Hide* v. *Partridge, 2 Salk. 424; Walker* v. *Dean of York, 3 Keb. 366, 392;* see *Chase* v. *Cheney, 58 Ill. 509, 532*).

On the ground that the relation between an executor and a legatee was one of trust, the executor has been restrained from interposing the statute of limitations as a defence to a suit for a legacy, in the following cases: *Watson* v. *Saul, 1 Giff. 188; Higgins* v. *Crawford, 2 Ves.*

Hedges *v.* Norris.

The courts of law in England, since the case of *Deeks* v. *Strutt, 5 T. R. 690*, have renounced jurisdiction of suits for pecuniary legacies, except, perhaps, where there is an express provision to pay in consideration of assets. The claim to a legacy is essentially an equitable one. *King* v. *Berry, 2 Gr. Ch. 44.*

Equity had jurisdiction over legacies before the courts of law assumed it; and, in 1677, where the statute of limitations was pleaded in equity in bar to a suit for a legacy, it was held that the suit was not barred thereby, and that no suit for a legacy ever had been. *Anon., 2 Freem. 20 ; Ward on Leg. 368.*

The fact that, by statute, legacies are made recoverable in the courts of law, will not deprive this court of its jurisdiction, nor bind it by limitations which may trammel those courts. *Frey* v. *Demarest, 1 C. E. Gr. 236.*

The grounds of jurisdiction in equity, to compel payment of legacies, are said by Judge Story to be various, and he lays it down as a universal ground for the jurisdiction, that the executor is treated as a trustee for the benefit of the legatees; and therefore, as a matter of trust, legacies are within the cognizance of courts of equity, whether the executor has assented thereto or not. *Story's Eq. Jur.* § 593. See, also, *Willard's Eq. Jur. 498 ; Wind* v. *Jekyll, 1*

571; *Ravenscroft* v. *Frisby,* 1 *Coll.* 16 ; *Parker* v. *Ash,* 1 *Vern.* 256 ; *Pickering* v. *Lord Stamford,* 2 *Ves.* 581 [although now barred in England by statute, 3 & 4 *Wm. IV c.* 27. *Holland* v. *Clark,* 1 *You. & Coll.* 151; *Sheppard* v. *Duke,* 9 *Sim.* 567 ; *Piggott* v. *Jefferson,* 12 *Sim.* 26 ; *Binns* v. *Nichols, L. R.* (2 *Eq. Cas.*) 256 ; *Cadbury* v. *Smith, L. R.* (9 *Eq. Cas.*) 37 ; *Knox* v. *Kelly,* 6 *Irish Eq.* 279 ; *Proud* v. *Proud,* 32 *Beav.* 234; *Prior* v. *Horniblow,* 2 *You. & Coll.* 200] ; *McCraw* v. *Fleming,* 5 *Ired. Eq.* 348 ; *Winston* v. *Street,* 2 *Pat. & Heath* 169 ; *Perkins* v. *Cartmell,* 4 *Harring.* 270 ; *McDonald* v. *McDonald,* 8 *Yerg.* 144; *Nelson* v. *Cornwell,* 11 *Gratt.* 724 ; *Sparhawk* v. *Buell,* 9 *Vt.* 41 ; *Salter* v. *Blount,* 2 *Dev. & Bat. Eq.* 218 ; *Cartwright* v. *Cartwright,* 4 *Hayw.* 135 ; *Durdon* v. *Gaskill,* 2 *Yeates* 268 ; *Thompson* v. *McGaw,* 2 *Watts* 161 ; *Doebler* v. *Snavely,* 5 *Watts* 295 ; *Brown's Case,* 8 *Phila.* 197 ; *Tinnen* v. *Mebane,* 10 *Tex.* 246 ; *Strohm's Appeal,* 23 *Pa. St.* 351 ; *Kent* v. *Dunham,* 106 *Mass.* 586.

CONTRA, *American Soc.* v. *Hebard,* 51 *Barb.* 552, 41 *N. Y.* 619 ; *Smith* v. *Remington,* 42 *Barb.* 75 : *Young* v. *Cook,* 30 *Miss.* 320 ; *Nolusco* v. *Lurty,* 13 *La. Ann.* 100 ; *DeGroff* v. *Terpenning,* 14 *Hun* 301 ; *Roberts* v. *Roberts,* 34 *Miss.* 322 ; *Loder* v. *Hatfield,* 4 *Hun* 86. See *Saxon* v. *Barksdale,* 4

*P. Wms. 575 ; Farrington* v. *Knightly, Id. 544; Decouche* v. *Savatier, 3 Johns. Ch. 190, 216 ; Norton* v. *Turvill, 2 P. Wms. 145.* In the absence of a remedy at law, clearly the statute would not apply. *Williams on Ex'rs 2028, 2029, 2030 ; Wisner* v. *Barnet, 4 Wash. C. C. 631 ; Arden* v. *Arden, 1 Johns. Ch. 313 ; Irby* v. *McCrac, 4 Desauss. 422.*

Said Chancellor Kent, in *Kane* v. *Bloodgood:* "I assume it to be well settled in England, that the statute does not apply to legacies and distributive shares, and that the remedy to enforce payment must be sought in chancery. As we, however, have a legal remedy provided by action at law, it becomes a very serious question, whether this court, possessing now only a concurrent jurisdiction, is not bound, upon established principles, to apply the same limitation to the equitable which is given to the legal remedy. And if we assume it to be the rule at law, that the statute of limitations does apply to actions at law for legacies and distributive shares, then, in that view, and in that view only, I have doubts as to that part of the decision in *Decouche* v. *Savatier*" —referring to his observation that no time bars a direct trust as between trustee and *cestui que trust* so long as the trust subsists. In that case he also said that that rule applied to an administrator, for he was a trustee to the party entitled by law. It is a rule that, if originally the jurisdiction has

*Desauss. 522 ; Templeton* v. *Tompkins, 45 Miss. 424; Wallace* v. *Cowell, 3 Ired. 323.*

Although, from lapse of time and other circumstances, legacies may be presumed to have been satisfied. *Smallman* v. *Lord Hamilton, 2 Atk. 71 ; Jones* v. *Turberville, 2 Ves. 11; Campbell* v. *Sandford, 8 Bligh 622 ; Okeson's Appeal, 2 Grant's Cas. 303 ; Anderson* v. *Burwell, 6 Gratt. 405 ; Shearin* v. *Eaton, 2 Ired. Eq. 282; Hamblin* v. *Mebane, 1 Jones Eq. 18 ; Summerville* v. *Holliday, 1 Watts 507 ; Riddlehoover* v. *Kinard, 1 Hill's Ch, 378 ; Sims* v. *Augherty, 4 Strobh. Eq. 103 ; Burkhead* v. *Colson, 2 Dev. & Bat. Eq. 77 ; Glover* v. *Lott, 1 Strobh. Eq. 79 ; Foulk* v. *Brown, 2 Watts 209 ; Morrison* v. *McElrath, 4 Dev. & Bat. 474.*

How far length of time may be a bar between the next of kin and an executor *de son tort*, who afterwards obtains administration, see *Scott* v. *Knox, 4 Irish Eq. 397 ;* also, *McIntire* v. *Carson, 2 Hawks 544; Burnet* v. *Bryan, 1 Hal. 377.*

An administrator cannot plead the statute in a suit by the next of kin for a distributive share. *Lafferty* v. *Turley, 3 Sneed 157 ; Harriet* v. *Swan, 18 Ark. 495 ; Jones* v. *Jones, 28 Ark. 19 ; Amos* v. *Campbell, 9 Fla.*

Hedges *v.* Norris.

properly attached in equity in any case on account of the supposed defect of remedy at law, that jurisdiction is not changed or obliterated by the courts of law now entertaining jurisdiction in such cases when they formerly rejected it. *Story's Eq. Jur.* §§ *64 i, 80.*

And the remedy in equity continues in its full vigor and extent, and, in the absence of statutory provision expressly or by necessary implication applicable to it, unimpaired and unaffected by any limitations to which the new remedy at law, as such, may be subject. Equity may adopt such limitations if it deem it expedient, but *proprio vigore* as limitations in terms applicable to actions at law alone, they do not attach to or reach the remedy in equity. That the remedy at law of the *cestui que trust* against his trustee is barred by statute in the case of a subsisting trust, is an additional reason, if any were necessary, for extending to the former the helping hand of this court to protect him against so unconscionable a defence. Equity will interpose to prevent the bar of the statute, positive as it is, where conscience requires it. How can it itself, in the absence of compulsion, apply the statute where conscience forbids? It may punish the legatee for his laches, if there be reason in conscience for so doing. It will raise the presumption of

187; *Smith* v. *Calloway,* 7 *Blackf.* 86; *Pennepacker* v. *Pennepacker,* 2 *Clark* (*Pa.*) 114 (357); *Lindsay* v. *Lindsay,* 1 *Desauss.* 150; *Bushee* v. *Searles,* 77 *N. C.* 62; *Carr* v. *Lowe,* 7 *Heisk.* 84; *Falls* v. *Torrance,* 2 *Hawks* 490; *Bird* v. *Graham,* 1 *Ired. Eq.* 196; *Glen* v. *Kinbrough,* 5 *Jones Eq.* 173. See *Simpson's Case,* 1 *Phila.* 300; *Heald* v. *Heald,* 5 *Greenl.* 387; *Payne* v. *Harris,* 3 *Strobh. Eq.* 39; *Buchan* v. *James, Spear's Eq.* 375; *Harrison* v. *Harrison,* 39 *Ala.* 489; *Colburn* v. *Holland,* 13 *Rich. Eq.* 176; *Graham* v. *Torrance,* 1 *Ired. Eq.* 210; *State* v. *Blackwell,* 20 *Mo.* 97; *Prevost* v. *Gratz,* 6 *Wheat.* 481; *Wilkerson* v. *Dunn,* 7 *Jones* 125. The statute runs after the administrator's removal. *Jacobos* v. *Pow,* 18 *Ga.* 346.

There are other cases, besides those in New York, holding that where the remedy to recover a legacy is concurrent, the statute applies to suits in equity. *Pratt* v. *Northam,* 5 *Mason* 95; *Phares* v. *Walker,* 6 *Iowa* 106. See *Dugan* v. *Gittings.* 3 *Gill* 138; *Young* v. *Mackall,* 3 *Md. Ch.* 398.

If an executor pays a legacy, a suit by him to recover the amount, on the ground of over-payment &c., may be barred by the statute. *Ely* v. *Norton,* 1 *Hal.* 187; *Frost* v. *Frost,* 4 *Edw. Ch.* 733; *Myers* v. *Skrine, Harp. Eq.* 179; *Shelburne* v. *Robinson,* 8 *Ill.* 597.—REP.

payment for the protection of the executor in a proper case; but on what ground recognizable in equity can an executor, the trustee, with the money of his *cestui que trust*, the legatee, in his pocket, appeal to equity to protect him in his fraud by voluntarily applying the statute of limitations to the legatee's demands?

Says Mr. Angell: "The plea of the statute of limitations to an ordinary action of a legacy, has never been known. It has long been a settled principle that the statute does not apply in such a case; and it has been ever so understood in England, both in the common law and ecclesiastical courts. Chancery has refused to adopt the rule by analogy to the statute, because an executor stands in the relation of a trustee, and whilst the trust subsists, the statute has not been permitted to run." *Angell on Lim. (5th ed.) 87.*

In this case, the will, after certain legacies and devises, directs that the remainder of the testator's obligations, and his house and lands, be converted, with his movables, into cash, and divided among his "heirs," as follows: One-third to be invested, and the interest paid to two persons named, for life, the principal and any uncollected interest to go to their children, if any they should leave; one-third to go to the complainant, and the rest to the executor for his services in settling the estate. A trust was thus created which this court will enforce unimpeded and unembarrassed by the existence of the statute of limitations.

The demurrer will be overruled, with costs.