TENNY'S ADMINISTRATOR v. LASLEY'S ADMINISTRATORS, *Appellants.*

1. **Administration**: LIMITATIONS. Under the Administration Law, (R. S. 1879, § 189,) if no cause of action has accrued or exists in favor of the claimant upon his contract or claim when the two years' limitation begins to run, it is not a demand against the estate, within the meaning of the statute, and the limitation does not begin to run before the cause of action has accrued.

2. ———: ALLOWANCE OF DEMANDS NOT DUE. Revised Statutes 1879,

sections 205, 206 of the Administration Law, relating to demands not due, contemplate demands existing in favor of a person in being, in whose favor a judgment may be rendered upon the demands prior to the maturity of the same, and refer to demands with some fixed or certain date of maturity, so as to admit of the rebate of six per cent from the date of judgment till the date of maturity.

*Appeal from Cass Circuit Court.*—Hon. Noah M. Givan, Judge.

Affirmed.

*W. J. Terrell* for appellants.

The court erred in admitting the notes as evidence, unless sections 205, 206, Revised Statutes, gave a right of action. If right of action at time of presentation was given by these sections, or either of them, such right existed when letters were granted, and was barred by special limitation of two years. R. S., § 189. There is no exception mentioned in this special statute of limitations that admits these demands. R. S., §§ 185, 188, 189; *Richardson v. Harrison,* 36 Mo. 96; *Greenabaum v. Elliott,* 60 Mo. 25; *Spaulding v. Suss,* 4 Mo. App. 541. Each of these notes, by its terms, is payable to " the said Jonathan Tenny's heirs, administrators or assigns," and there was, during all the years of administration of the estate, a legal holder of said notes, and administration could have been had at any time within the two years before the special bar was interposed by our statute concerning administration of estates, and that is one of the steps incumbent upon the foreign creditor. Presentation of a demand in the proper court has been held good when there was no person that could be sued. *Williamson v. Anthony,* 47 Mo. 299; *Tynan v. Walker,* 35 Cal. 635. Payment by administrator, if good to prevent bar of general statute of limitation, is entirely irrelevant here, as the administrators can only waive notice for allowance and classification, and cannot waive allowance or classification. Again,

payment is not even waiver of notice. *Spaulding v. Suss*, 4 Mo. App. 542.

*Railey & Burney* and *Boggess & Moore* for respondent.

Jonathan Tenny and wife, having died in Ohio, Tate, the administrator of Jonathan there, could not maintain an action, or have said claims allowed in this State. *Mc-Carty v. Hall*, 13 Mo. 480; *Naylor v. Moffat*, 29 Mo. 126; *In Matter of Part. Est. of Henry Ames & Co.*, 52 Mo. 293; *Minor v. Cardwell*, 37 M. 350; *Goodwin v. Jones*, 3 Mass. 514; *Hobart v. Conn. Turnpike Co.*, 15 Conn. 145. No person was authorized to sue upon or have said demands allowed in this State, until plaintiff was appointed administrator in April, 1880. The statute of limitations did not, therefore, commence running against said claims until said date. *Polk v. Allen*, 19 Mo. 468; *Dillon v. Bates*, 39 Mo. 292; *Reilly v. Chougutte*, 18 Mo. 220; Wood on Limitation of Actions, p. 254, § 117, and cases cited; Angell on Limitations, §§ 54, 55, and cases cited; *Hobart v. Conn. Turnpike Co.*, 15 Conn. 145, 147, 148, and cases cited; *Sherman v. Western Stage Co.*, 24 Iowa 515, 553; *Sanford v. Sanford*, 62 N. Y. Ct. App. 554, 555; *Geiger v. Brown*, 4 McCord (S. C.) 423; *Lee v. Gause*, 2 Ired. (N. C.) L. 440; *Bucklin v. Ford*, 5 Barb. (N. Y.) 393; *Davis v. Gurr*, 6 N. Y. Ct. App. 124; *Thurman v. Shelton*, 10 Yerg. (Tenn.) 383; *Clark v. Hardinan*, 2 Leigh. (Va.) 347; *Levering v. Rittinhouse*, 4 Whar. (Pa.) 130; *Conyers v. Keenan*, 1 Kelley (Ga.) 379; *Briggs v. Thomas*, 32 Vt. (3 Shaw.) 176; *Wyatt v. Rambo*, 29 Ala. 510; *Murray v. East India Co.*, 5 Barn. & Ald. 204. The notes in controversy were not collectible by law, until after the death of both Jonathan and Mariah Tenny; and as the latter did not die till January 1st, 1880, no right of action accrued on said notes until said date; hence, the statute did not commence running prior thereto. *Miller v. Woodward & Thornton*, 8 Mo. 169; *Finney v. State to use of Estiss*, 9 Mo. 227; *Chambers v. Smith*, 23 Mo. 174; *Burton*

*v. Rutherford,* 49 Mo. 255; *Sherman v. Western Stage Co.,* 24 Iowa 515, 550 ; *Singleton v. Townsend,* 45 Mo. 379, and cases cited; *Jameson v. Jameson,* 72 Mo. 640.

MARTIN, C.—This was an action brought in the probate court for the purpose of obtaining allowance of the demands against the estate of Mathew Lasley, in the form of promissory notes. The probate court refused to allow them. On appeal the circuit court allowed them in the sum total of $1,523.84, from which action the defendants appeal to this court. Inasmuch as the defense springs from the unusual character of the demands, I will set them out in full as follows :

"$1,000. Two years after the death of Jonathan Tenny and Mariah Tenny, wife of said Jonathan Tenny, value received, we promise to pay to the said Jonathan Tenny's heirs, administrators or assigns, $1,000, with interest from date, payable annually.

September 22nd, 1862.    MATHEW LASLEY,
JON. H. LASLEY,
W. H. LASLEY, Security."

"$1,000. Three years after the death of Jonathan Tenny and his wife, Mariah Tenny, value received, we promise to pay Jonathan Tenny's heirs, administrators or assigns, $1,000, with interest from date, payable annually.

September 22nd, 1862.    MATHEW LASLEY,
JON. H. LASLEY,
W. H. LASLEY, Security."

The interest on these notes was paid to Jonathan Tenny up to 1876, at irregular intervals and was indorsed on the same. The only defense interposed consists of the limitation of the two years within which demands against the estate of a deceased person must be presented for allowance. It appears, from the admission of the parties, that due notice of the issue of letters of administration on the estate of Mathew Lasley, was published for four weeks con-

secutively, the first insertion being on the 12th of April, 1877. These notes were not presented to Lasley's administrators until the 12th day of April, 1880; the bar of the statute had at that time become absolute if the demands, as presented, fall within its terms and effect.

The facts upon which the plaintiff relies to overcome the defense of the statutory bar of the administration act, are as follows: That Mariah Tenny died in 1876, and Jonathan Tenny on January 1st, 1880, both being at the time of death residents of Ohio; that administration on the estate of Jonathan Tenny was first taken out on the 12th day of February, 1880, by the public administrator of Cass County, who is the plaintiff in this case, and by whom the notes were presented for allowance on the 12th day of April, 1880.

I am persuaded that these facts overcome the bar of the statute. Section 189, (R. S. 1879,) declares that all demands not thus exhibited in two years, shall be forever barred, saving exceptions as to persons under disability. If, when the two years' limitation begins, no cause of action has accrued or exists in favor of the claimant upon his contract or claim, it is clearly not a demand against the estate, within the meaning of the statute, as defined in this section. When the administration of defendant was published in April, 1877, the cause of action arising on these notes and finally enforced by judgment of court, had not accrued. It could not accrue prior to the death of Jonathan Tenny in January, 1880. No suit before that time could be brought on the notes in favor of any one, because they were not payable before the death of Mrs. Tenny and Mr. Tenny. According to all authorities, the limitation does not begin to run before the cause of action has accrued. It is not a demand before that time. *Miller v. Woodward & Thornton*, 8 Mo. 169; *Finney v. State to use of Estiss*, 9 Mo. 227; *Chambers v. Smith*, 23 Mo. 174; *Burton v. Rutherford*, 49 Mo. 255; *Singleton v. Townsend*, 45 Mo. 379; *Jameson v. Jameson*, 72 Mo. 640. The demand on these notes was

similar to that which arises from an obligation to pay money to one's heirs, which does not accrue until the heirs are in being, (*State v. Peacock*, 45 Mo. 263;) or upon a covenant which does not accrue till condition broken. Jonathan Tenny could not sue, because the money was not payable in his lifetime, and his assignee stood in no better attitude.

It is contended by defendant that these demands, although not·due, could have been presented for allowance and adjusted under sections 205 and 206, which relate to the allowance of demands not due. These two sections appeared first in our administration law in the revision of 1855. 1. R. S. 1855, p. 156. They evidently contemplated a demand existing in favor of a person in being, in whose favor a judgment may be rendered upon the demand prior to the maturity of the same. It would seem, also, that they refer to demands with some fixed or certain date of maturity, so as to admit of the rebate of six per cent from the date of judgment till the date of maturity. The demands of the notes in suit do not, in my opinion, fall within the exceptions contained in sections 205 and 206; first, because, until the death of Mr. and Mrs. Tenny, there was no one in being to present the demands, and no one to agree upon the rebate of the statute, or to accept a judgment of adjustment of them under the provisions thereof; second, because the decease of Mr. and Mrs. Tenny being uncertain events, the basis of the rebate of the statute was wanting. The notes being payable, one in two years and the other in three years after the death of Mr. and Mrs. Tenny, it was competent for the court, after these events had happened, to adjust the demands under sections 205 and 206, for the party owning the demands was in court, or could be there, and the time which the demands had to run to reach maturity, was fixed and certain.

The judgment of the circuit court having been in accordance with the views herein expressed, it is affirmed. All concur.