Gastois J.
 

 The commissioner finds a large balance to be dtiefron the plaintiff, but states'“that the administrator fi
 
 *13
 
 led with the clerk a large amount of bonds belongingto the estate, and required of the commissioner that he should list them and calculate the interest due on each, and that this has been declined as not coming within the order of the Court,” and th
 
 & first
 
 of the plaintiff’s exceptions is, for that the commissioner hath given the plaintiff no credit for these bonds and other securities for debt in the account. We think the commissioner has erred in supposing, that the order of the Court does not require a statement of the bonds, notes or other securities for debts, which constitute a part of the estate, The administrator, unless there be some special cause shewn to the contrary, has a right to deliver over these to the defendants, with a proper indorsement or othef authority to collect them, as a partof the assets in his hands. This exception is therefore allowed, so far as to re-commit the report to the commissioner for the purpose of examining these securities, and with instructions to give the plaintiff credit for such of them as belong to the estate, upon their being delivered as aforesaid, unless some valid objection be shewn to them on the part of the defendants.
 

 The
 
 second
 
 exception of the plaintiff and the
 
 third
 
 exception of the defendants relate to the same matter and will be considered together. It is stated in the report, that the account was heretofore made up to the 1st of May, 1841, at which time it was expected by the parties that a final decree would be rendered at the approaching June Term of this Court — that at that term the cause was remanded, on the motion of the plaintiff, to the Court of Equity for the County of Granville, where it remained till the last term (Dec. Term 1842) of this Court — that the commissioner believing that no necessity existed for a rest in the account, carried the balance into the statement commencing May 1st, 1841, but calculated interest on the principal money only. The commissioner further states, that the administrator deposited in Bank on the 5th of June, 1841, $1652, and on the 1st of July, 1841, $3130, and that, on taking the account he claimed that interest on these sums should not be charged against him, alleging that he collected them, expecting that
 
 *14
 
 the account would be finally closed at June Term, 1841— that the agent of the defendants insisted that these sums were unnecessarily and wantonly collected, and that interest ollght to bo charged thereon — and that the commissioner, being oí opinion with the defendants, hath not noticed these deposites in his account. The plaintiff excepts to this part of the report, becouse the plaintiff is charged with interest on these sums, and the defendants except to it also, because the commissioner did not make a rest in his account, as of the 1st of May, 1841, or about that time, and has not charged the plaintiff with interest on the whole amount of principal and interest, then stated as due. The Court is of opinion, that the exception so taken by the plaintiff ought to be allowed, and, of course, the exception of the defendants disallowed. It does not appear to the Court, upon the examination of the affidavits, that these collections and deposits were not made in perfect good faith and in the full expectation that the cause would be definitively settled during the term of the Court, when the deposits were made, and it is positively sworn by the plaintiff, and this statement is not denied on the part of the defendants, that the deposits were made to the credit of the plaintiff as administrator, and have never since been used by him. The Court knows, that the remanding of the cause was made at the suggestion of the court, and because the court deemed it advisable that the pleadings should be amended and the widow be also made a party defendant to the causé. Wherefore the cause was retained so long in the Court below, or wherefore the suggested amendments were not then made, does not appear to the Court, except that on the hearing of the cause it was admitted by the counsel on both sides, as is set forth in fhe decree of the last Term, that the widow had in the meantime died. It was in the power of either of the parties, after the cause was remanded, to quicken the proceedings therein, or to have a special order made in relation to the money so deposited in Bank; and it is not the usage of the Court to charge a trustee with interest on moneys
 
 bona fide
 
 collected and kept for the benefit of his
 
 cestuis que trusts,
 
 unless
 
 *15
 
 there be plain proof of misconduct in such collection and custoc]y-
 

 . The
 
 third
 
 exception of the plaintiff and the
 
 fifth
 
 exception of the defendants are both disallowed, because the Court is satisfied that the amount allowed by the commissioner to the plaintiff as commissions is, on the whole, reasonable and just.
 

 The
 
 fourth
 
 exception of the plaintiff, for that the interest after May, 1841, was computed upon a mistaken-'amount of principal is disallowed, as unfounded in fact. The only instances, in which any interest has been converted into principal, are where such interest has been paid to the administrator. After it [was so paid, it became principal in his bands.
 

 The
 
 fifth
 
 exception of the plaintiff is allowed. It appears from the receipt of Mr. Hudgins, given on account of his legacy, that there was an express reservation made of his claim to interest thereon. The claim is well founded, for the testator directs the legacy to be paid upon the probate of his will, and therefore the legacy draws interest from that time.
 

 The
 
 sixth
 
 exception is allowed also. The adminstratory if he has not paid, is bound to pay the legacy to Mr. Worrall and the legacy of £100 to the testator’s nephews and nieces, with interest on the first from the probate of the will, because it was
 
 then
 
 payable, and on the other from the end of two years thereafter.
 

 The
 
 seventh
 
 of the plaintiffs exceptions it becomes unnecessary to examine, for the reasons stated in consdering the
 
 first
 
 exception taken by the defendants. That exception is^for that the commissioner has credited the administrator with the sum of $2002 33,as nowdueand owing irom the said administrator to the personal representatives of Mary D. Hester, deed, the widow of the testator, whereas it is alleged in the Bill and admited by the answers of the defendants, that, before the filing of the Bill, the said widow had dissented from the will, had been allowed her dower and had her share of the personal estate allotted to her as upon an intestacy ; that the
 
 *16
 
 administrator had settled with her accordingly, and, at the tfilinsc of the bill, held all the remaining property for the benefit of the other devisees and legatees under the will. rp|10 p]ea(jingS do, as se(; forth iu this exception, contain the allegations and admissions as above set forth ; and, therefore, in this state of the pleadings, it cannot be admitted to the plaintiff to allege, that, besides, what has been so allotted to the widow and paid to her for her interest in the estate of her deceased husband, a further sum is due, which ought to have been allotted to her. It is alleged, indeed, that the allotment so made was
 
 fartial
 
 only, and included the widow’s dower and her share of the negroes of her deceased husband, but no part of his money,
 
 choses in action
 
 and perishable property. Were we at liberty to indulge in conjecture, we might think this allegation correct; for it does seem very extraordinary, if the allotment were intended to be a complete one, that in it not a cent of money, not a note or bond, nor any other article of personal property is set apart for the widow, but only negroes. But it was made in pursuance of a decree upon the petition of the widow to allot unto her her dower and her share of the personal estate of her deceased husband ; it purported to be such an allotment, and it has been accepted and confirmed by the Court as such. It was because of the difficulties thus presented in the way of ascertaining what ought to have been allotted to the widow, that the Court, when the cause was heretofore brought on for hearing, suggested that it should be remanded, the proper amendment made in the pleadings, and the widow made a party to the cause. But the cause was brought back without any amendment of the pleadings or addition of parties and so heard. The objections now made by this exception to the credit allowed to the administrator, for this addition
 
 al
 
 sum to complete the widow’s share of her husband’s estate, must be sustained as valid. The
 
 first
 
 exception of the defendants is therefore allowed.
 

 The
 
 second
 
 of their exceptions it becomes unnecessary to consider, as it goes but to a part of the item embraced in the former exception.
 

 
 *17
 
 The
 
 fourth
 
 of the exceptions or the part of the defendants is disallowed, because the disbursements therein and excepted to were made fairly and on account of the estate.
 

 The report, so far as the same has not been excepted to and in respect to the matters embraced in the exceptions which have not been allowed, is confirmed. It is recommitted to the commissioner to be revised and cofrecte'd, in respect to the matters, wherein the exéeptions of either party have been allowed-, and to complete the account.
 

 Per CuRrA'My Ordered accordingly.