M. J. YOUNG and others v. P. B. KENNEDY and others.

(*Vide Young* v. *Kennedy,* 95 N. C., 269.)

CIVIL ACTION, heard upon exceptions to a referee's report. The case is fully reported in 95 N. C., 265, in which the

Court directed a reference to the Clerk of this Court, to reform the account in accordance with the opinion.

*Mr. R. F. Armfield,* for the plaintiffs.
*Messrs. D. M. Furches* and *J. B. Batchelor,* for the defendants.

DAVIS, J.   This action was before this Court at the October Term, 1886, and was then heard upon the exceptions to the report of the referees, and the rulings thereon by the Court below.   These exceptions, and the disposition made of them, appear in the case reported in 95 N. C., 265.   As will be seen, by reference thereto, it was referred to the Clerk to reform the account in accordance with the opinion then filed.   This was done by the Clerk, and his report was filed at February Term, 1887.

In this report he states, that, in reforming the account, he did not make a new statement of each special item in the long account on file, but taking the aggregate receipts and credits in that account, he added or subtracted such others as the Court directed.

In passing upon the 2d exception of the plaintiff (page 268 of the report), it is stated, that in the division of the slaves between the tenants in common, the share allotted to M. J. Young was $550, in excess of the other two shares, and she was charged therewith.   This excess, instead of being paid by M. J. Young to the other two tenants in common, who were then infants, and each entitled to one half thereof, was, in fact, not paid at all, but was entered as a credit by the administrator as a part of $655, allowed to M. J. Young as a year's support, and that being so, the administrator should' have been charged therewith ; but in the distribution of the estate, Thomas M. Young and Mary Young (or J. M. Howard, her administrator, she being dead,) were entitled to receive the whole of that amount (the $550 and interest.) as so

much due to them, in order to make them equal M. J. Young in the division of the slaves.

This result is attained in the account, as reformed by the Clerk, by adding the said sum of $550, and the interest thereon, to the sum charged, making the balance in the hands of the administrator, after deducting the credits, $3,689.74, which, as the referee reports, "is to be divided between M. J. Young, T. M. Young and Mary Young (or J. M. Howard, her administrator)—after which, one third of $1,391.13, the amount of the excess, with interest thereon, received by M. J. Young in the division of the slaves, is to be deducted from her share and added, one half each to the shares of T. M. Young and Mary Young, whereby they will receive the whole of the said $550 and interest, making $1,391.13, as they have already received two thirds in the division of the estate." The defendant, Kennedy, excepts to the report: "1st. For that the referee erred in adding two thirds of $550 and interest, paid M. J. Young for the equality of partition of slaves, by A. L. Young, administrator, without first deducting the whole amount, $1,391.13, which had been before allowed them, thereby duplicating this charge against defendant, and making it greater instead of less, as he understands the ruling of the Court to intend, as applied to plaintiff's 6th (2d) exception, and defendant's 2d exception."

This is a misapprehension. The defendant is credited by $550 and interest thereon, making $1,391.13 as a part of the item of $655 paid to M. J. Young (the widow), as her year's support, when, in fact, it was not paid in money out of the estate of his intestate, but was the amount due from the widow, M. J. Young—not to the estate, but—to T. M. Young and Mary Young, to make them equal in the division of the slaves; and by the process reported by the Clerk, the same result is arrived at, as if M. J. Young had paid directly to T. M. Young and Mary Young the amount due to

them from her. The administrator, instead of paying to her $550 (to be added to $105 paid in cash to make the amount of her year's support), allowed her to offset that amount by the sum due from her to T. M. Young and Mary Young in the division of the slaves, and thus the administrator, instead of M. J. Young, became the debtor to them.

Strictly speaking, the item of $550 to make the division of the slaves equal, should not have gone into the administration account at all, but as the administrator received credit for it, in paying the year's support to the widow, he should be charged with it, but in the settlement of the estate, T. M. Young and Mary Young (or her estate) should receive the benefit of it; and this is the result of the account as reformed. This will appear from a simple calculation, as follows: By charging the administrator with $550 and interest thereon, the balance in his hands, as appears from the account, is $3,689.74; this divided into three parts, will give to each $1,229.91; but in this division, M. J. Young received one third of $1,391.91 (included in the account), to which she was not entitled; deducting this one third of $1,391.13— $463.71—from $1,229.91, and we have $766.20, and by adding one half of it to each of the other shares, it will make each $1,461.76, one half which is the result as arrived at in the report.

Now, if you deduct the $1,391.13 (the whole of which is due to T. M. Young and the estate of Mary Young,) from $3,689.74, it will leave $2,298.61, to be equally divided between M. J. Young, T. M. Young and the estate of Mary Young, giving to each $766.20—one third—and then adding one half of $1,391.13 to each of the shares of the last two (to the whole of which they were entitled), they have each $1,461.76—one half—which is the same result as that arrived at in the report.

The second and third exceptions of the defendant are founded, in part, upon the same misapprehension as to the

effect of the reformed account, just referred to, and, in part, as the effect of the opinion (95 N. C., at page 269), overruling the plaintiff's 5th exception. In the settlement with J. M. Howard, administrator of Mary Young, the defendant will be credited by the sums advanced to the half brother, J. H. Stewart, as one of the distributees of Mary Young, and in the settlement of her estate, J. H. Stewart will be charged with the sums so advanced, and, as was said, " as her administrator is before the Court, to be bound by what is done," the subdivision of her share of her father's estate may he had in this action, and the distributive portion of J. H. Stewart charged with the expenditures made in his behalf. In the distribution of the share of Mary Young, in the hands of J. M. Howard, her administrator, J. H. Stewart will be required to account for $445.09, the sum found to be so expended.

The distribution and settlement will be made in accordance with the report as reformed, and the opinion of the Court in passing upon the 5th exception, 95 N. C., at page 269.