HENRY C. PITNEY, JOHN R. EMERY, ALFRED REED,
FREDERIC W. STEVENS, MARTIN P. GREY AND
EUGENE STEVENSON, VICE-CHANCELLORS.

WILLIAM K. ANGLE

*v.*

DAVID C. ANGLE.

[Filed February 23d, 1904.]

Land was devised to David C. Angle for life, with remainder to his children and heirs-at-law. It was charged with the annual payment to William T. Angle of the interest upon $1,000, at the rate of five per cent. per annum, during his natural life, and with the payment of $1,000 to his heirs-at-law at his death.—*Held*, that David, the life tenant of the land, was not entitled to deduct from the annual payments to William the taxes imposed upon $1,000 of the assessed value of the land.

(1)

On bill for a legacy under a clause in the will of Joseph G. Angle, which is in the following words:

"After the death of my said wife, Rachel G. Angle, I give and bequeath unto my son David C. Angle the farm where he now resides for him to use and occupy during the term of his natural life. I do further direct that my said son David C. Angle, after the death of my wife, Rachel Angle, pay annually unto my son William T. Angle the interest upon one thousand dollars at the rate of five per centum per annum during the natural life of my said son William T. Angle, and upon the death of the said William T. Angle, I do direct that my said son David C. Angle do pay unto the heirs-at-law of said William T. Angle the sum of one thousand dollars, share and share alike. And I do further direct that upon the death of my son David C. Angle, I do give and bequeath the said farm unto the children and heirs-at-law of the said David C. Angle, in equal shares, subject however to the payments above specified to William T. Angle and his heirs."

*Mr. Charles J. Roe,* for the complainant.

*Mr. George A. Angle,* for the defendant.

MAGIE, CHANCELLOR.

The cause has been brought to hearing upon bill and answer. The sole question presented by the argument of counsel is whether William T. Angle is entitled to the annual sum of $50, to be paid him by David C. Angle under the clause of the will contained in the statement prefacing this opinion, or whether David C. Angle may deduct from that sum the annual taxes assessed upon him as the holder of $1,000 to be paid to the heirs-at-law of William T. Angle upon the death of the latter.

It is obvious that the legacies to William T. Angle and his heirs-at-law, contained in the clause of the will in question, are not payable out of the personal estate of the deceased. They are legacies the payment of which is imposed by the testator upon the devisees of land, and are chargeable, not upon the personal estate, but upon the real estate thus devised. *Van Winkle* v. *Van Houten, 2 Gr. 185, 186; Woodward* v. *Woodward, 1 Stew. Eq. 119; Horning* v. *Wiederspalen, 1 Stew. Eq. 387; Wyckoff* v. *Wyckoff, 3 Dick. Ch. Rep. 113; S. C., 4*

Angle v. Angle.

*Dick. Ch. Rep. 344; Trustees v. Wilkinson, 9 Stew. Eq. 141; S. C., 11 Stew. Eq. 514.*

Jurisdiction to entertain bills for the payment of legacies and to make appropriate decrees thereon has been recognized from the earliest times as existing in the court of chancery. Legislation which has conferred on courts of law jurisdiction to entertain actions for legacies has not deprived this court of its jurisdiction. So far as the jurisdiction conferred on courts of law is applicable, it is cumulative and concurrent. *King v. Berry, 2 Gr. Ch. 44; Frey v. Demarest, 1 C. E. Gr. 236.*

The case here seems not to fall within the jurisdiction of the law courts. That jurisdiction is now conferred by the act entitled "An act concerning legacies" (Revision), approved March 27th, 1874 (*Gen. Stat. p. 1938*), and it is to be asserted by an action at law against the executor. Obviously, this action can only be resorted to where the executor is bound to pay a legacy. Here, although David C. Angle is one of the executors, it is quite obvious that he could not be sued as an executor, because the legacy in question is not payable out of the assets in the hands of the executors. It is payable by David C. Angle personally, as a condition of his acquiring his title by devise to the real estate on which the legacy is charged. The matter must therefore be considered in this court.

The facts appearing by the pleadings disclose that Rachel Angle, the widow of the testator, died in September, 1897, and thereupon William T. Angle became entitled to the bequest contained in the clause of the will in question. In March, 1898, the defendant paid to William T. Angle, and the latter receipted for, the interest, calculated to April, 1898. Thereupon the defendant was notified to pay the annual interest thereafter to the complainant, to whom William T. Angle had assigned all his interest. An assignee of a legacy may sustain a bill therefor, and when all the legatee's interest is assigned the assignor is not a necessary party. *King v. Berry, ubi supra.*

In every year since April, 1898, defendant has claimed a deduction from the assessment of said farm, for taxation, for the $1,000, the subject of the legacy in question, and such de-

duction has been allowed in each year. For the year ending in April, 1899, the $1,000 was assessed to William T. Angle and the tax afterward paid by him. In the year ending April, 1900, the $1,000 was deducted from the valuation of the farm and assessed to David C. Angle, executor of Joseph G. Angle and trustee for William T. Angle. In April, 1900, defendant paid the tax, amounting to $11, and sent the tax receipt and his own check for $39 to the complainant, who received the same and drew the money on the check. In the succeeding years ending in April, 1901, 1902 and 1903, there was a like assessment of the $1,000 and the tax thereon was paid by defendant, and in each year the tax receipt, with defendant's check for an amount making up the $50, was sent to complainant.

In April, 1903, the three checks sent complainant in 1901, 1902 and 1903 were returned to the defendant, and complainant demanded the full sum of $50 for each of the above-named years. Whether he was entitled to be paid the whole of that sum is the question presented, and it involves the right to deduct the sum of $30.45 from what is concededly due him.

The contention is that the case falls within the doctrine of *Holcombe* v. *Holcombe, 12 C. E. Gr. 473; S. C., 2 Stew. Eq. 597,* in which it was held, both in this court and in the court of errors and appeals, that there is a duty upon the life tenant to keep down the taxes upon a fund invested by executors by direction of a will, the interest of which is payable annually to him for life. The doctrine of that case was inconsistent with numerous previous cases upon the liability to pay taxes assessed against the fund by the person enjoying the interest thereof for life, as was pointed out in *Dills* v. *Taylor, 28 Vr. 369.* In the opinion delivered by Mr. Justice Van Syckel in the court of errors and appeals in the *Holcombe Case,* the reason for the doctrine is thus stated: "So long as the life tenant enjoys the entire produce of the fund she should be required to keep down the taxes upon it, otherwise the fund itself must become impaired and the entire burden thrown upon those who take the fund at her death." The liability of a tenant for life of land to keep down the taxes

has been held in this court to be limited to the rental value of the land. *Murch* v. *Smith Man. Co., 2 Dick. Ch. Rep. 193.* In *Tuttle's Case, 4 Dick. Ch. Rep. 259,* Ordinary McGill intimated that a like limitation would be applied to the income of an invested fund.

But the doctrine thus established does not seem applicable to the case in hand. The testator did not require the devisees of the land in question to create a fund to be invested, the income of which was to be paid to William T. Angle for his life. On the contrary, his bequest to William was of a sum specified, to be annually paid, and fixed, because calculated at an annual percentage. That percentage is less than the legal rate of interest, and presumably less than the income on an invested fund would be. The bequest is not of a life interest in the produce of a fund, but rather of an annuity for life. *3 Pom. Eq. Jur. 1134.*

Nor can I find any legislative provision justifying the deduction of the value of this $1,000 from the value of the farm on which it is charged. It is not a mortgage on real property, or a debt secured by mortgage, which may be assessed for taxation if a deduction thereof is claimed by the owner, under the provisions of the act of March 28th, 1893. *Gen. Stat. p. 3319.*

Nor was this farm, on which these legacies are charged, within the provisions of the supplement to the Tax act, approved March 2d, 1883.

The farm was entailed property and the tenant for life, who is the defendant in this case, was bound to pay the taxes out of the income of the property. But the $1,000 charged upon the farm for the payment of a legacy to the heirs-at-law of William T. Angle at his death was in no sense entailed property, nor was it property held in trust or held for life, so that the taxes could be assessed thereon and paid out of the income or by the person having the present beneficial interest therein. So far as William T. Angle is concerned, he has no present beneficial interest in any fund whatever. He is entitled to a fixed sum,

calculated at a fixed rate of interest, and the fund is not chargeable therewith, but the farm is.

It results that, in my judgment, the taxes were improperly charged against the complainant, and he is entitled to a decree for the annual unpaid sums and that they be made charges upon the devised lands. He is not entitled to any interest upon the deferred annual payments, because he retained the checks and the tax receipts without notice to the defendant, so as to leave him under the belief that complainant had accepted the payments in full.