### In re estate of MAGGIE RILEY.

[Decided April 1st, 1921.]

1. Where next of kin entitled to distribution of a resident decedent's estate have died intestate and without debts and no administrators have been appointed for either of them, the court of chancery may, under its general equity powers, in a proper case and on adequate proofs, make a decree of distribution directing payment of the shares to which such deceased next of kin were entitled directly to the persons who are their respective next of kin.

2. In such a case it must be made to appear by full and satisfactory proofs that there were no debts owing by such deceased next of kin or that if any such existed they have been paid, and no transfer or successsion taxes are leviable, or if such be leviable, what they are, so that the decree may provide for their payment.

---

On application for decree of distribution.

*Mr. Edwin Robert Walker,* administrator, &c., *pro se.*

BUCHANAN, V. C.

The administrator of this estate shows in his hands a small fund for distribution to the next of kin; that certain of these next of kin have died in foreign states, intestate and without debts, and that no administrators have ever been appointed for either of them. He asks a decree of distribution from this court

directing the payment of the shares to which these next of kin were entitled, directly to the persons who are *their* respective next of kin, without the intervention of administration on the estates of the ancestors.

Such a decree could not, of course, be made in the orphans court, but may in a proper case (and, of course, on adequate proofs) be made by this court, having general equity powers.

The distribution of a decedent's estate is a proceeding *in rem*, not *in personam*. *Exton* v. *Zule, 14 N. J. Eq. 501.* The decedent's estate is administered by the court, for the purpose and object of distributing all of the decedent's estate, in the proper amounts and proportions, to and among those entitled thereto (whether creditors or next of kin) under the law of decedent's domicile. When creditors have been paid the court ascertains and determines the persons who are entitled to receive the balance, as next of kin, and in what proportions. The decree of distribution is the formal adjudication and record of that ascertainment and determination.

Where one of the next of kin dies before distribution, his share ordinarily will be decreed to be paid to his executor or administrator. But where he dies intestate, leaving no debts, or his administrator having paid all of his debts, the administrator's title to such distributive share would obviously be but a mere naked legal title, which he would be required immediately to transfer to the equitable owner, the next of kin of such deceased next of kin.

Where the next of kin has died intestate, leaving no debts, and no administrator has ever been appointed, the appointment of an administrator for the mere purpose of taking the distributive share and immediately paying it over to the "secondary" next of kin, is unnecessary and a matter of useless time, trouble and expense—a "useless ceremony," *Fretwell* v. *Lemore, 52 Ala. 124* (at *p. 133*), and a court of equity will dispense with such administration and decree distribution directly to the "secondary" next of kin.

See also *Re Mullen, 145 N. Y. 98* (at *p. 104*) ; *Watson* v. *Byrd, 53 Miss. 480; Marshall* v. *Crow, 29 Ala. 278; Young* v. *Kennedy, 95 N. C. 265;* also *18 Cyc. 624,* and cases there cited.

Such decree will therefore be advised in the present case.

Of course, in any case of this kind it must be made to appear by full and satisfactory proof that there were no debts, or that if any debts existed they have been paid, and that no transfer or succession taxes are leviable (or, if such be leviable, what they are, so that the decree may provide for their payment).