The bill of complaint alleges that one Annie Thomas McCulloh died testate and under the terms of her will a son, *Page 115 
Warner J. Macfarlane, was bequeathed one-half of the income of the residuary estate; that the will was probated by the surrogate of Gloucester county; that the son is still living and that on May 31st, 1929, he assigned all of his right, title and interest in the aforesaid legacy and the income therefrom to one Edward H. Goodwin; that the assignment was procured from Macfarlane by Goodwin through fraud, in that Macfarlane was induced to deliver the assignment while under criminal charges, with the representation that it was to be security to Goodwin against loss by reason of Goodwin's having entered bail for Macfarlane by virtue of which bail Macfarlane was released from jail; that when Macfarlane signed the assignment it was in blank; that Goodwin holds the assignment, which is absolute on its face, now falsely pretending that the assignment was given to him as collateral security for certain moneys which he falsely and fraudulently claims to be due and owing to him from Macfarlane; whereas in truth and in fact no sums of money are due and owing to him from said Macfarlane.
Complainants are judgment creditors and also, as to one of them, a subsequent assignee of Macfarlane's interest in his share of his mother's estate aforesaid, up to a certain amount of money.
Goodwin has instituted proceedings in the orphans court of Gloucester county under section 3 of the Orphans Court act (3Comp. Stat. p. 3814), to recover under the Macfarlane assignment Macfarlane's interest in his mother's estate, and the complainants seek to have this court take over the proceedings which are pending in the Gloucester county court, as aforesaid, and for restraint against the further prosecution of Goodwin's suit on the legacy aforesaid, as well as for injunctive relief against the executors and trustees of the McCulloh estate.
The complainants also ask that the Goodwin assignment be decreed to be a collateral assignment and that he be decreed to reassign to Macfarlane Goodwin's interest in the McCulloh estate, after payment to him of the moneys due from Macfarlane to Goodwin.
The matter is now before me on a motion to strike the bill of complaint. *Page 116 
One of the reasons for striking is that the orphans court of Gloucester county has full and complete jurisdiction and that there is no special equity requiring this court to assume jurisdiction.
It is not disputed that section 3 of the Orphans Court act confers jurisdiction on the orphans court to determine suits to recover legacies, nor is it contended that Goodwin, as assignee of Macfarlane, does not have the same right to invoke the jurisdiction of that court as the legatee had prior to the assignment, but the theory of complainants is that they did not have an adequate remedy in the orphans court because they say that court "does not have jurisdiction of the subject of this suit." By this, complainants intend to say that notwithstanding the jurisdiction of the orphans court over suits for the recovery of legacies, the averments of facts in the bill of complaint disclose that that jurisdiction does not extend to the relief to which complainants are entitled. If this is so, the bill should be retained.
Complainants cite Hunt v. Mayberry, 29 N.J. Law 403, for the proposition that when the legislature conferred jurisdiction upon the orphans court over suits for legacies, it did not confer upon that court all the powers of the court of chancery over "cases of administration, guardianship and trusts." This is obviously so but does not detract from the jurisdiction obviously conferred, which is to try suits for legacies. Why may not the orphans court try the pending suit on the petition of Goodwin? The basis of his right to payment of the Macfarlane legacy is an assignment, and "a legacy is an assignable interest." King v.Berry, 3 N.J. Eq. 44. The assignment of Goodwin is absolute on its face and complainants say that it was procured through fraud on the part of Goodwin, that fraud consisting in that when Macfarlane signed the assignment it was in blank and for the sole purpose of indemnifying Goodwin from loss by reason of non-compliance by Macfarlane with the conditions of a certain bail bond, which bail bond has been satisfied, hence there is nothing due or to grow due to Goodwin thereunder. Surely the orphans court has jurisdiction to try this issue, if raised by complainants' answer to Goodwin's petition. If *Page 117 
Goodwin, in a law court, declared on a written assignment and the defendant in that suit filed an answer setting up that the assignment was procured by fraud, the issue would be clearly cognizable by the law court and so the orphans court has power, under section 3 aforesaid, to try cases and determine who are entitled to legacies, and in passing on that question, they have jurisdiction to also try the question of fraud.
It is true "that the jurisdiction of the orphans court is limited to those matters which have by statute been confided to it" and "it has no inherent jurisdiction to decide whether a release of lands or personal property is voidable for fraud" but "it may determine questions of law and equity, the decision of which is necessary to the decision of some other matter expressly committed to it, just as this court may decide legal questions when they arise incidentally and collaterally in a suit rightly instituted for equitable relief." Mullaney v. Mullaney,65 N.J. Eq. 384.
So in the instant case, the orphans court had before it a claim to a legacy based on an assignment thereof, and the validity of that assignment must be determined in order that the orphans court may make its decree.
"The orphans court possesses jurisdiction over suits for the recovery of legacies and distributive shares, and therefore has authority to construe a will in a suit against executors to compel payment of a legacy even though the construction of the will is the primary question to be determined in order to make a decree." Helmer v. Yardley, 92 N.J. Eq. 397.
The bill of complaint, notwithstanding the allegations of fraud on the part of Goodwin, as heretofore set forth, alleges that the purposes of the assignment have been met by the satisfaction of the bail bond aforesaid and does not pray that the assignment be decreed to be wholly satisfied and delivered up for cancellation but, in paragraph 14 of the bill of complaint, avers that Goodwin "now falsely," c., claims "said assignment was given as collateral security for certain moneys which he falsely," c., "claims to be due him" from Macfarlane, whereas, c., "no sums of money are due," c., and based on this allegation, the prayer is "that said assignment *Page 118 
* * * be decreed to be a collateral assignment and that said defendant * * * be ordered to reassign said interest in the estate * * * to Warner J. Macfarlane upon payment of any moneys that may be found due and payable from said Macfarlane to said Goodwin."
The orphans court has jurisdiction to determine the factual question thus rather confusedly raised, upon proof by complainants that the assignment was indemnity as a bail bond and not as collateral, in which event the orphans court would deny Goodwin's petition for the legacy or, upon proof by Goodwin that the assignment was, in fact, as collateral security, it would decree that Goodwin be paid the amount due him upon surrender of the assignment.
The proceedings in the orphans court are regarded as equitable in their character. Helmer v. Yardley, supra.
In In re Alexander, 79 N.J. Eq. 226 (at p. 228), it is said:
"From the time of its creation it has been held that the orphans court was the creature of statute, and that it cannot assume jurisdiction of any matter unless it is given by statute. In the case of Gray v. Fox, 1 N.J. Eq. (Saxt.) 259, 272, it was held that `the decree of the orphans court, on a matter over which it has jurisdiction, if fairly obtained, is certainly not to be questioned in a collateral way, even in this court.' (Chancery.) `But that court is one of limited power and jurisdiction; if it transcends its jurisdiction, its acts will pass for nothing.' Sherman v. Lanier, 39 N.J. Eq. (12Stew.) 249, 258. In Dunham v. Marsh, 52 N.J. Eq. (7Dick.) 256, 261, it was held that once having obtained jurisdiction, it follows `as an incident in the exercise of thatpower that it has power to solve any question which mustnecessarily be decided in reaching that end.' Mullaney v.Mullaney, 65 N.J. Eq. (20 Dick.) 384, 386; Baker's Case,61 N.J. Eq. (16 Dick.) 592; 2 N.J. Dig. 2907 § 72a; F.Godfrey's Case, 72 N.J. Eq. (2 Buch.) 354; Woolsey v.Woolsey, 72 N.J. Eq. (2 Buch.) 900; McSpirit Estate,73 N.J. Eq. (3 Buch.) 616; Lippincott's Case, 68 N.J. Eq. (2Robb.) 581."
Section 192 of the Orphans Court act provides: *Page 119 
"Proceedings in such suits [for legacies], therefore, shall in all respects be governed by the rules and practice of the court of chancery, so far as the same are applicable." (Brackets mine.)
It seems to me that the only issue raised by complainants herein is that which they would raise in the orphans court, to wit, fraud, and while there is no doubt of the jurisdiction of this court, such jurisdiction is not exclusive, but is conferred on the orphans court by statute, so that it may determine the issue as to the payment of the legacy claimed to be due under an assignment, as well as the issue as to whether or not the procurement of the assignment was by fraud.
In Wyckoff v. O'Niel, 71 N.J. Eq. 681, Vice-Chancellor Garrison cites numerous cases in support of the established doctrine that where the orphans court, having jurisdiction, is proceeding in a cause before it, "the court of chancery will not interfere unless special cause and good reason be shown therefor."
If the orphans court has jurisdiction, as heretofore indicated, its decision on the question of fraud in the procurement of the release would be res adjudicata and the decree would finally fix the status of the assignment so that there would not need to be any reformation thereof.
The case of Mullaney v. Mullaney, supra, is cited by the complainant for the proposition that a finding of fraud by the orphans court in the instant case would not be res adjudicata, but a reading of the Mullaney Case discloses that the decision as to whether the wife's release of the interest in her husband's estate was obtained by fraud was not necessary for the court to determine her right to administration, and the court said:
"But if that court could perform its statutory duty without trying questions properly cognizable by some other tribunal, it would be without jurisdiction to pass upon them." See, also,Hill v. Hill, 79 N.J. Eq. 521 (at p. 541).
Finding as I do that the orphans court of Gloucester county has jurisdiction to try the issues presented by the bill of complaint, as well as jurisdiction to give the complainants the relief they seek in this court, and finding as I do that the *Page 120 
orphans court is now proceeding in accordance with the statute in the matter and that there is no special equity calling upon this court to assume jurisdiction, it follows that the bill of complaint should be dismissed.
The above finding renders it unnecessary to pass on the further reasons urged by the defendants for the striking of the bill of complaint.
The defendants are entitled to the costs of this motion.