This is an appeal from an order of the Orphans Court of Hudson county dated January 31st, 1940, adjudging the appellant guilty of contempt of an order made by the court on November 3d 1939, in failing "to file [italics mine] a decree of distribution" in the estate of Winifred A. Bradford, deceased. The order also revoked the letters of administration which had been granted to her, and letters of substitutionary administration were granted to Michael Halpern. The appellant was ordered to surrender all the assets of the estate to the substituted administrator, and to file an accounting of the surplus of $3,967.38 which had been settled by a former decree made on her final accounting some three years previous to the order complained of. *Page 373 
On October 20th, 1939, Irene Bradford Nitti, one of the children of the decedent, Winifred A. Bradford, filed a petition in the Orphans Court seeking a decree of distribution of her mother's estate. The petition, among other things, stated that the administratrix had filed a final accounting which was allowed by the court, and that the above amount was in her hands for distribution. She prayed for a decree of distribution. No order of distribution was issued in consequence. Instead, the court on October 26th, 1939, ordered the appellant administratrix to show cause on November 3d 1939, "why a decree of distribution should not be filed [italics mine] in said matter, directing, ordering and making just distribution of the balance on hand in said estate, in accordance with the provisions of the statute in such case made and provided."
Upon the return day of the last mentioned order the court "Ordered that the said Winifred C. Bradford, Administratrix, as aforesaid, be and she is hereby directed to file [italics mine] a decree of distribution in said matter, directing, ordering and making just distribution of the balance on hand in said estate, in accordance with the provisions of the statute in such case made and provided, and that said decree of distribution befiled [italics mine] by said administratrix within ten days of the entry of this order."
Later, the said Irene Bradford Nitti, by petition dated November 27th, 1939, alleged that the said appellant administratrix, Winifred C. Bradford, "failed to file [italics mine] said decree of distribution as directed in the aforesaid order, and has disobeyed the order of this court;" wherefore, she prayed "that the said Winifred C. Bradford be committed for contempt" for "her disobedience to the aforesaid order." Following the petition, on December 1st, 1939, the Orphans Court "Ordered that the said Winifred C. Bradford, administratrix as aforesaid, show cause before this court on the 8th day of December, 1939, at ten o'clock in the forenoon, why she should not be adjudged in contempt of this court because of her refusal to obey the order of this court made on the 3d day of November, 1939, as aforesaid." The appellant did not respond; and, on January 31st, 1940, the court adjudged *Page 374 
her guilty of contempt for not obeying its order of November 3d 1939, revoked the letters of administration granted to her as aforesaid, and thereupon granted substitutionary letters of administration to Halpern.
R.S. 3:26-6 provides when decrees of distribution may be made; it reads as follows:
"Property Distributable; Decree Therefor. After executors or administrators legally account for personal property of the decedent, the orphans court of the proper county, or other court having jurisdiction, shall, by a decree of distribution, order a just and equal distribution of the personal property, whereof the decedent died intestate, which remains after payment of debts, funeral charges and other just expenses."
It will be noted that the quoted provision of the RevisedStatutes directs that a decree for distribution be made after a decree for settlement of the administrator's account; and no direction of notice therefor is expressed. All interested parties are presumed to be in court under the notice prescribed for the settlement of the account. Exton v. Zule, 14 N.J. Eq. 501.
The statutory notice of settlement of the account is constructive notice to all interested persons. Such persons are parties to the proceeding and are bound not only by the settlement of the account, but also by the decree of distribution which should follow.
The decree of distribution, it may be said, is the formal adjudication and record of what the court has ascertained and determined as to the persons entitled to participate in the assets, with their proportions. In re Riley's Estate, 92 N.J. Eq. 567; 113 Atl. Rep. 485. Any persons entitled to a share in the assets of the estate, may apply to the court for a decree of distribution; and the right to do so is not limited to the administrator or executor. A petition for distribution should pray for "a decree of distribution;" and, if no contrary reason appears, the order following should conform with the prayer. If the court makes an order or decree for distribution and the executor or administrator fails to observe the terms of the order to distribute, then a person aggrieved may, under the statute, file a petition "setting forth concisely the petitioner's claim and the relief prayed. The petition shall *Page 375 
be verified by oath of the petitioner, his agent or proctor. Upon the filing thereof, citations shall issue under seal of court, signed by the petitioner or his proctor, and may be served in the same manner as citations are served in other cases and made returnable in term time or vacation. Proceedings thereafter shall in all respects be governed by the rules and practice of the Court of Chancery so far as applicable. Questions arising therein may be summarily tried and determined by the court." R.S.3:26-31.
In the instant case, upon the filing of the petition seeking a decree of distribution by this respondent, the court instead of granting a decree of distribution as prayed for, erroneously issued an order calling upon this appellant to show cause why she should not "file [italics mine] a decree." Upon the return of that order to show cause the appellant failing to appear, as above stated, was adjudged in contempt and removed as administratrix. What order did she contemn? Certainly not an order to distribute. There was none. No decree of distribution of decedent's assets had been made or issued by the court below. A decree is not a figment of the imagination. It is something real; it is a solemn judicial act or determination of the court. It cannot be "filed" until it is made.
It may be observed that when an administrator has accounted and the account is allowed, and the distributable surplus is thus judicially ascertained, the administrator then holds the assets as trustee for those entitled thereto. The statute points the way to a recovery of such assets. Hedges v. Norris, 32 N.J. Eq. 192; King v. Berry, 3 N.J. Eq. 44; Ibid. 261. After a decree of distribution, a person entitled to assets thereunder may sue to recover them in an action at law. The forum for recovery is not limited to the Orphans Court. R.S. 3:26-24. The Supreme and Circuit Courts have jurisdiction in such actions. 3:26-26. The Orphans Court has jurisdiction concurrent with Chancery.3:26-30.1. A prerequisite to the exercise of jurisdiction in any of the tribunals mentioned is the making of a decree of distribution. Executors of Luse v. Parke, 17 N.J. Eq. 415;Angle v. Angle, 66 N.J. Eq. 1; 57 Atl. Rep. 425; Wyckoff v.O'Niel, *Page 376 71 N.J. Eq. 681; 63 Atl. Rep. 982; Jenkinson v. New YorkFinance Co., 79 N.J. Eq. 247; 82 Atl. Rep. 36; Helmer v.Yardley, 92 N.J. Eq. 397; 112 Atl. Rep. 500; Easton v.Goodwin, 119 N.J. Eq. 114; 181 Atl. Rep. 275. If an executor or administrator fails to observe the terms of an order or decree to distribute then the court issuing the same may exercise its power to penalize such executor or administrator by removal or otherwise.
This respondent appears to have abandoned her right to seek an order of distribution from the Orphans Court. While she asked for one, she received and accepted something else, viz.: an order to compel this appellant to "file" a decree which did not exist. Under the circumstances, I feel that the Orphans Court was in error in adjudging this appellant in contempt and removing her as administratrix. An order will be advised reversing the order of the Orphans Court. *Page 377